IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE MARTINEZ-RODRIGUEZ,

Petitioner,

vs.

MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department Of Homeland Security; TODD BLANCHE, In his official capacity as United States Attorney General; DAREN MARGOLIN, In his official capacity as Director of Executive Office for Immigration Review; DAVID VENTRUELLA, in his official Capacity as Acting ICE Director; ROB JEFFREYS, Director Of Nebraska Department of Correctional Services; and ALLEN GILL, in His official capacity as Omaha Field Office ERO Director;

Respondents.

**8:26CV433**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jose Martinez-Rodriguez's petition for a writ of habeas corpus. (Filing No. 1). Martinez-Rodriguez, a noncitizen detained by U.S. Immigration and Customs Enforcement, alleges his detention is unlawful because he has not received a bond hearing. For the reasons set forth below, his detention without a bond hearing is both statutorily and constitutionally authorized, so his petition will be denied.

## BACKGROUND

Martinez-Rodriguez is a native and citizen of Mexico. (Filing No. 1 at 3). He entered the United States in 2004 and has lived in Nebraska for most of the time since then. (Filing No. 1 at 3-4).

In May 2026, Martinez-Rodriguez was charged with "assault and battery and disorderly conduct" in Douglas County.[1] (Filing No. 1 at 4). That charge drew U.S. Immigration and Custom's Enforcement (ICE)'s attention to Martinez-Rodriguez. ICE approached him at the Douglas County Courthouse the day of a hearing in the criminal matter and after "determin[ing]" he lacked legal status in the United States, detained him. (Filing No. 1 at 4). ICE also issued Martinez-Rodriguez a Notice to Appear initiating removal proceedings. (Filing No. 1 at 4).

Martinez-Rodriguez sought release on bond during the pendency of those proceedings. The immigration judge heard evidence and arguments from both Martinez-Rodriguez and the government. (Filing No. 1 at 4). But the immigration judge denied Martinez-Rodriguez's request, reasoning he had "no jurisdiction" to issue a bond under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) and .*Avila v. Bondi*, 170 F.4th 1128, 1132 (8th Cir. 2026). (Filing No. 1-2).

In response, Martinez-Rodriguez petitioned for habeas relief. He challenges his continued detention as violative of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment (Filing No. 1 at 10-12) and seeks immediate release or, alternatively, an order directing the Respondents to provide him a bond hearing within seven days. (Filing No. 1 at 13).

**STANDARD OF REVIEW**

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Martinez-Rodriguez bears the burden to show his custody is unlawful. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] Those charges remain pending. (Filing No. 1 at 4).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Martinez-Rodriguez's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

Martinez-Rodriguez's petition raises two questions: whether he is entitled to a bond hearing on either statutory or constitutional grounds. As in previous cases raising these issues post-*Avila*, the Court answers both in the negative. *See Aleman Duenas v. Blanche et al.,* 2026 WL 1261633 (D. Neb. May 8, 2026); *Gonzalez-Martinez, v. Blanche et al*., 2026 WL 1045701 (D. Neb. Apr. 17, 2026); *Boubacar v. Blanche et al.,* 2026 WL 972708 (D. Neb. Apr. 10, 2026).

*Avila* forecloses Martinez-Rodriguez's arguments that his detention violates § 1226(a). *See* 170 F.4th at 1134. As an "applicant for admission" under that term's statutory definition who is seeking admission to the United States, § 1225(b)(2) mandates that he be detained during his removal proceedings. *See id.* None of Martinez-Rodriguez's suggestions to the contrary change *Avila*'s holding or the fact that this Court is bound to apply it. His first and second causes of action therefore fail.

Martinez-Rodriguez's due process claims fare no better. There is no question the Fifth Amendment entitles him to due process of law in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). But at the same time, the U.S. Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). In *Demore,* the Supreme Court reaffirmed its "longstanding view that the [g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. The reason, according to the Court, was that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "In other words, the government has more flexibility when dealing with immigration." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024).

In Martinez-Rodriguez's view, his "current civil detention violates his due process rights" because his "private interest in being free from detention outweighs the government's interest in maintaining the current procedures" under the balancing test outlined in *Mathews v. Eldridge*, 424

U.S. 319, 335 (1976). (Filing No. 1 at 12). But the Court has previously concluded that *Mathews* balancing does not apply to immigration detention challenges like Martinez-Rodriguez's. *See, e.g., Aleman Duenas,* 2026 WL 1261633, at *3.

It is true that deciding what process is due ordinarily requires a form of interest balancing. But cases like *Demore* "leave no room for a multi-factor 'reasonableness' test" and "have already done whatever balancing is necessary" in the detention context. *Banyee,* 115 F.4th at 933. *See, e.g., Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Martinez-Rodriguez] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). Instead, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still *pending*." *Id.* (citation modified) (emphasis in original). For Martinez-Rodriguez, they are, so *Mathews* is of no help to him.

Further, that Martinez-Rodriguez has not received an individualized custody determination does not make his custody unlawful. The Supreme Court has repeatedly upheld the constitutionality of *categorical*, mandatory detention of certain classes of noncitizens. *See, e.g., Demore,* 538 U.S. at 531; *Carlson v. Landon*, 342 U.S. 524, 541-42 (1952) (rejecting claims of noncitizens deemed "deportable because of their participation in Communist activities" that they were entitled to be released from detention if they did not pose a flight risk); *Reno v. Flores,* 507 U.S. 292, 313 (1993) (upholding mandatory detention of a class of noncitizen juveniles because "reasonable presumptions and generic rules" are not necessarily impermissible exercises of Congress' traditional power to legislate with respect to noncitizens).

In those cases, the government could continue to hold the detainees simply "by reference to the legislative scheme." *Banyee,* 115 F.4th at 932. So too here. Even though Martinez-Rodriguez has not been individually found to be a flight risk or dangerous, his detention is constitutional. *See Demore*, 538 U.S. at 524 (emphasizing that "the aliens in *Carlson* were not flight risks" and "had

not been found individually dangerous"). Whether or not an immigration judge would find Martinez-Rodriguez to be a flight risk or dangerous, § 1225(b)(2)(A) *mandates* his detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded . . . And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). Martinez-Rodriguez therefore has no procedural right to prove facts at a bond hearing—like lack of flight risk or dangerousness—that § 1225(b)(2) renders irrelevant to his detention. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7-8 (2003).

Finally, Martinez-Rodriguez's substantive due process claim also fails. Because he has not received a bond hearing, he argues, the government "is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a 'reasonable relation' to the purposes of immigration detention and is not impermissibly punitive." (Filing No. 1 at 12). At the outset, the Court notes that substantive and procedural due process are not exclusive concepts—"their protections often overlap." *Albright v. Oliver*, 510 U.S. 266, 301 (1994) (Stevens, J., dissenting). Cases like *Banyee* therefore "draw no explicit distinction between substantive and procedural due process." *Romero v. Brown*, 2026 WL 1021455, at *6 (S.D. Iowa Apr. 15, 2026). Thus, Martinez-Rodriguez's substantive due process claim fails for many of the reasons the Court outlined above—i.e., removal proceedings are pending and "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Banyee,* 115 F.4th at 931 (citation modified) (quoting *Demore*, 538 U.S. at 526).

Beyond that defect, the Supreme Court has held that "'[s]ubstantive due process' analysis must begin with a careful description of the asserted right[.]" *Reno v. Flores*, 507 U.S. 292, 302 (1993). But Martinez-Rodriguez fails to offer one. Ostensibly, he asserts a right to remain at large in this country during his removal proceedings if an immigration judge would find he does not pose an individualized flight risk or danger. "For decades, however, the Supreme Court has held that immigrants do not have any right—let alone a fundamental right—to be present in the country." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 760 (6th Cir. 2026) (Murphy, J., dissenting) (citing *Fong Yue Ting v. United States*, 149 U.S. 698, 707 (1893)).

As for Martinez-Rodriguez's arguments regarding the purposes of his detention, the Court is unpersuaded. In *Demore,* the Supreme Court recognized detention of "deportable" noncitizens

"pending their removal proceedings" *categorically* "serves the purpose of preventing [removable noncitizens] from fleeing prior to or during their removal proceedings, thus increasing the chance that" all "will be successfully removed." 538 U.S. at 528. Thus, Martinez-Rodriguez's detention continues to serve the legitimate purpose of preventing flight during his ongoing removal proceedings.

In sum, *Avila* forecloses Martinez-Rodriguez's statutory claims. While *Avila* does not foreclose his constitutional claims, other Supreme Court and Eighth Circuit precedent does. Thus, Martinez-Rodriguez is not entitled to habeas relief.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Jose Martinez-Rodriguez's motion for an order to show cause (Filing No. 2) is denied.
2. The petition for a writ of habeas corpus (Filing No. 1) is denied.
3. A separate judgment will be entered.

Dated this 18th day of August, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge